UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION, INC., a Virginia corporation, 2021 L Street N.W., 5th Floor Washington, D.C. 20036<br><br>and<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS, INCORPORATED, a Virginia corporation 2021 L Street N.W., 5th Floor Washington, D.C. 20036<br><br>        Plaintiffs,<br>v.<br><br>PAYDAY SPORTS, INC., a Delaware corporation 19 Hayloft Circle Wilmington, DE 19808<br><br>        Defendant | CASE NO. 1:05-cv-02030-JDB<br><br>ANSWER |

Payday Sports, Inc. ("Payday Sports"), by its undersigned counsel, answers the complaint of plaintiffs National Football League Players Association, Inc. ("NFLPA") and National Football League Players, Incorporated ("Players, Inc.") as follows:

## AS TO THE NATURE OF THE COMPLAINT

1. Payday Sports denies that the law of the District of Columbia governs this case. The remaining allegations in paragraph 1 state a legal conclusion to which no response is required.

2. Payday Sports denies that National Football League ("NFL") players have a right to bar the use of their names and statistical information by the players of Payday Sports' fantasy football game. Payday Sports denies any liability for plaintiffs' purported claims for monetary

damages and equitable relief.  Payday Sports admits that it operates a commercial fantasy football game, holds live events and maintains a website for the use of the players of its game. Payday Sports denies the remaining allegations in paragraph 2.

## AS TO THE PARTIES

3. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 3.

4. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 4.

5. Payday Sports admits the allegations in paragraph 5.

## AS TO JURISDICTION AND VENUE

6. The allegations in paragraph 6 state legal conclusions to which no response is required.

7. The allegations in paragraph 7 state legal conclusions to which no response is required.

## AS TO BACKGROUND

8. Payday Sports denies that the language quoted from paragraph 4(b) of the NFL Player Contract constitutes the complete language of that paragraph and refers the Court to the contract for its language.  In particular, the material quoted by plaintiffs omits the choice of law provision in paragraph 4(b) of the contract, which provides that the paragraph "shall be construed under New York law without reference to conflicts of law principles."  (Complaint Exhibit A).  Payday Sports denies knowledge or information sufficient to draw a conclusion as to the truth of the remaining allegations in paragraph 8.

9. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 9.

10. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 10.

11. Payday Sports denies that the language quoted from the Group Licensing Assignment constitutes the complete language of the assignment and refers the Court to the assignment for its language. Payday Sports denies the remaining allegations in paragraph 11.

12. Payday Sports denies that the language quoted from the Group Licensing Assignment constitutes the complete language of the assignment and refers the Court to the assignment for its language. Payday Sports denies the remaining allegations in paragraph 12.

13. Payday Sports denies that the language quoted from the Group Licensing Assignment constitutes the complete language of the assignment and refers the Court to the assignment for its language. Payday Sports denies the remaining allegations in paragraph 13.

14. Payday Sports denies that the language quoted from the Group Licensing Assignment constitutes the complete language of the assignment and refers the Court to the assignment for its language. Payday Sports denies the remaining allegations in paragraph 14.

15. Payday Sports admits that the Group Licensing Assignment shall be construed under New York law.

16. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 16.

17. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 17.

18.     Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 18.

19.     Payday Sports denies that plaintiffs' alleged rights have been confirmed in federal court in general or by the cited case in particular. Payday Sports denies that the definition of the term "Image" in the cited case was the same as the definition of "Image" set forth in the complaint. Payday Sports denies that the court in the cited case explicitly noted, or otherwise held, that the use of player "Images," as that term is defined in the complaint, violated plaintiffs' alleged rights. The remaining allegations in paragraph 19 state legal conclusions to which no response is required.

20.     Payday Sports denies that there is any history acknowledging plaintiffs' rights to bar the use of NFL players' names and statistical information in the context of fantasy football. Payday Sports denies the remaining allegations in paragraph 20.

21.     Payday Sports denies the allegations in paragraph 21, except admits that it operates a commercial fantasy football game and that its players use the names and statistics of NFL players to play the game.

22.     Payday Sports admits the allegations in paragraph 22.

23.     Payday Sports denies the characterization of the language quoted from its website in paragraph 23. Payday Sports also denies that the quoted language constitutes the entire contents of its website and refers the Court to its website for the complete contents. Payday Sports admits the remaining allegations in paragraph 23.

24.     Payday Sports denies that the quoted information constitutes the entire contents of its website and refers the Court to its website for the complete contents. Payday Sports admits the remaining allegations in paragraph 24.

25. Payday Sports denies that the quoted information constitutes the entire contents of its website and refers the Court to its website for the complete contents. Payday Sports admits the remaining allegations in paragraph 25.

26. Payday Sports denies that the quoted information constitutes the entire contents of its website and refers the Court to its website for the complete contents. Payday Sports admits the remaining allegations in paragraph 26.

27. Payday Sports denies the allegations in paragraph 27, except admits that players of its game draft NFL players.

28. Payday Sports denies knowledge or information sufficient to form a conclusion as to the truth of the allegations in paragraph 28.

29. Payday Sports denies the allegations in paragraph 29.

30. Payday Sports admits that it received a letter from Players, Inc. on or about August 19, 2004. Payday Sports denies the remaining allegations in paragraph 30.

31. Payday Sports admits the allegations in paragraph 31.

32. Payday Sports admits the allegations in paragraph 32.

33. Payday Sports admits that it received a letter from Players, Inc. on or about September 13, 2004. Payday Sports denies the remaining allegations in paragraph 33.

34. Payday Sports denies the allegations in paragraph 34, except that it admits that it continues to operate its fantasy football game.

## **AS TO THE FIRST CLAIM FOR RELIEF**

35. Payday Sports repeats its responses to the allegations in paragraphs 1 through 34 as if fully set forth herein.

36. The allegations in paragraph 36 state a legal conclusion to which no response is required. To the extent paragraph 36 contains factual allegations, Payday Sports denies the factual allegations in paragraph 36.

37. Payday Sports denies the allegations in paragraph 37.

## AS TO THE SECOND CLAIM FOR RELIEF

38. Payday Sports repeats its responses to the allegations in paragraphs 1 through 37 as if fully set forth herein.

39. Payday Sports denies the allegations in paragraph 39.

40. Payday Sports denies the allegations in paragraph 40.

41. Payday Sports denies the allegations in paragraph 41.

42. Payday Sports denies the allegations in paragraph 42.

43. Payday Sports denies the allegations in paragraph 43.

44. Payday Sports denies the allegations in paragraph 44.

## AS TO THE THIRD CLAIM FOR RELIEF

45. Payday Sports repeats its responses to the allegation in paragraphs 1 through 44 as if fully set forth herein.

46. Payday Sports denies the allegations in paragraph 46.

47. Payday Sports denies the allegations in paragraph 47.

48. Payday Sports denies the allegations in paragraph 48.

49. Payday Sports denies the allegations in paragraph 49.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

50. Plaintiffs' complaint fails to state a claim on which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

51.	Plaintiffs lack standing to assert the claims set forth in the complaint.

**THIRD AFFIRMATIVE DEFENSE**

52.	Payday Sports' actions are protected by the First Amendment of the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

53.	Plaintiffs' claims are preempted by the United States Copyright Act.

**FIFTH AFFIRMATIVE DEFENSE**

54.	Plaintiffs are contractually barred from stating a right of publicity claim under the common law of the District of Columbia.

**SIXTH AFFIRMATIVE DEFENSE**

55.	Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

56.	Plaintiffs' claims are barred in whole or in part by the doctrine of waiver

**EIGHTH AFFIRMATIVE DEFENSE**

57.	Plaintiffs' claims are barred in whole or in part by the doctrine of acquiescence.

**RELIEF REQUESTED**

WHEREFORE, Payday Sports seeks an order of this Court dismissing the complaint in its entirety and awarding Payday Sports its attorneys fees and other costs incurred in this action and all other relief the Court deems just and proper.

**JURY DEMAND**

Defendant, by and through its attorneys, hereby demands a trial by jury on all claims triable by a jury that are asserted by plaintiffs in their complaint.

By: /s/ Eric H. Imperial                                    Dated:   January 4, 2006
Eric H. Imperial, Esq. (D.C. Bar No. 427139)                         Washington, DC
1920 N Street, N.W.
Suite 300
Washington, DC 20036
(202) 457-1280

and

Charles von Simson, Esq.
62 William Street - Sixth Floor
New York, NY 10005
(212) 514-8645


Attorneys for defendant Payday Sports, Inc.

8